# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Case No. 20-cv-1753 |
| FLIPPEN FLYERS TRACK CLUB, ) a dissolved Illinois not-for-profit ) corporation, and RONGKAI ZHAO, as ) parent and next friend of Ray Zhao, ) a minor, ) ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY, by its attorneys, Brian C. Bassett and Philip G. Brandt of TRAUB LIEBERMAN STRAUS AND SHREWSBERRY, LLP, and for its Complaint for Declaratory Judgment against the Defendants, FLIPPEN FLYERS TRACK CLUB, a dissolved Illinois not-for-profit corporation, and RONGKAI ZHAO, as parent and next friend of Ray Zhao, a minor, alleges the following:

### THE PARTIES AND RELIEF SOUGHT

1. Philadelphia Indemnity Insurance Company (hereinafter "PIIC") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

2. Flippen Flyers Track Club ("Flippen Flyers") is a dissolved Illinois not-for-profit corporation with its principal place of business in Illinois. Flippen Flyers is a youth-oriented, developmental track and field program, and which claims to be an insured on a certain policy of insurance issued by PIIC to USA Track & Field, Inc.

3. Rongkai Zhao, as parent and next friend of Ray Zhao, a minor (hereinafter "the Claimant") is the plaintiff in a certain action pending in this Court, which action will be more fully described later herein. The Claimant is a resident of Cook County and a citizen of Illinois. The Claimant is a nominal but necessary party to this declaratory judgment action, and although no specific relief is sought against him, the Claimant has been joined herein solely in order to be bound by the judgment rendered in this cause. In the event that the Claimant stipulates and agrees to be bound by the judgment rendered in this cause, then PIIC will voluntarily dismiss him from this action.

4. PIIC seeks a declaration that it does not owe a duty to defend or indemnify Flippen Flyers for the Underlying Lawsuit pursuant to the commercial general liability policy issued to USA Track and Field, Inc. ("USATF").

## JURISDICTION AND VENUE

5. PIIC brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

6. There exists an actual and justiciable controversy among the parties concerning the rights, duties, and obligations of PIIC under and pursuant to the policy of insurance described herein in connection with the Underlying Lawsuit.

7. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the plaintiff and defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. The amount in controversy exceeds the sum of $75,000 based on the injuries allegedly suffered by the injured minor, including paralysis, a claim brought under the Illinois

2

Family Expense Act to recover medical expenses incurred by the family of the injured minor, and the damages are alleged to exceed $50,000.

9. Venue is premised upon 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district.

### THE INSURANCE POLICY

10. PIIC issued its policy of insurance numbered PHPK1899025 to USA Track & Field, Inc., as named insured for the effective policy period of November 1, 2018 to November 1, 2019 (the "PIIC Policy"). A true and correct copy of the PIIC Policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

### THE SCHEDULE OF NAMED INSUREDS ENDORSEMENT

11. The PIIC Policy contains a Schedule of Named Insureds Endorsement which endorsement is a part of Pleading Exhibit A, and which endorsement provides, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

**Schedule of Named Insureds**

USA Track & Field, Inc. (USATF)
USA Track and Field, Inc. formerly known as The Athletic Congress of the USA, Inc. and sometimes d/b/a Visa Championship Series
USA Track & Field Associations
The National Track & Field Hall of Fame, Inc.
USA Track & Field Retirement Plan, Inc.
USATF Properties, LLC

USATF members, member clubs, directors, officers, officials, coaches, event owners, event organizers, race directors and volunteers, but only while acting in their capacity as such with respect to events or other approved activities that are sanctioned and insured by USATF.

Sanctioned events include the actual athletic competitions, and all necessary and usual ancillary activities such as registration, warm-up and pre-event instruction, awards ceremonies and expositions. Sanctioned events also include USATF

member club practices properly registered with USATF and other approved activities that are common to USATF member clubs. Specifically excluded from sanctioned events are music concerts, parades or exhibitions requiring a separate remittance or ticket or involving other competitions or sporting activities not sanctioned by USATF.

## The Underlying Lawsuit

12. Flippen Flyers has been named a defendant in a certain action for damages brought by the Claimant under Cause No. 19 L 5051 in the Circuit Court of Cook County, Illinois (the "Zhao Suit"). A true and correct copy of the First Amended Complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

13. In the First Amended Complaint, the Claimant alleges that his minor, Ray, was participating in a youth program where he was instructed on performing maneuvers on a trampoline. The Claimant alleges that while executing a flip on a trampoline, Ray struck his head and neck causing paralysis and further injuries.

14. The Claimant alleges that Flippen Flyers was negligent in one or more ways as follows:

    a. Carelessly and negligently permitted and allowed Ray to attempt a flip in an area not adequately designed for such activity;

    b. Carelessly and negligently allowed a dangerous trampoline to exist and instructed students to utilize it;

    c. Failed to properly warn Ray of the existence of the dangers of the trampoline;

    d. Failed to properly and adequately supervise students during activities;

    e. Failed to instruct Ray;

    f. Failed to properly train instructors; and/or

    g. Failed to provide proper protective equipment.

**TENDER OF DEFENSE**

15. Flippen Flyers tendered its defense of the First Amended Complaint to PIIC, which agreed to provide a defense subject to a reservation of rights, including the right to withdraw from the defense of Flippen Flyers.

16. PIIC investigated the incident that is the subject of the First Amended Complaint, including contacting USATF to determine the relationship, if any, between the youth program at which Ray was injured and USATF.

17. A representative of USATF informed PIIC that the youth program was not an USATF-sanctioned or -approved event or activity.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND FLIPPEN FLYERS)

18. PIIC adopts and repeats the allegations of Paragraphs 1 through 17 as and for Paragraph 18 hereof as though the same were fully set forth herein.

19. The youth program during which Ray was injured was not an event or other approved activity sanctioned and insured by USATF.

20. The youth program during which Ray was injured was not a sanctioned event by USATF.

21. The youth program during which Ray was injured was not an actual athletic competition or a necessary and usual ancillary activity to such an athletic competition.

22. The youth program during which Ray was injured was not a practice properly registered with USATF.

23. The youth program during which Ray was injured was not an activity approved by USATF that is common to Flippen Flyers.

24. Flippen Flyers does not qualify as an insured under the PIIC Policy.

**WHEREFORE,** Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY, prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the PIIC Policy, together with the following relief:

A. That PIIC owes no duty to defend Flippen Flyers under its policy of insurance issued to USATF for the matters alleged in the action filed against Flippen Flyers under Cause No. 19 L 5051, pending in the Circuit Court of Cook County, Illinois;

B. That PIIC may immediately withdraw from the defense of Flippen Flyers in the aforesaid action filed as Cause No. 19 L 5051; and

C. That this Court grant such other and further relief as deems just and equitable.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO INDEMNIFY FLIPPEN FLYERS)

25. PIIC adopts and repeats the allegations of Paragraphs 1 through 24 as and for Paragraph 25 hereof as though the same were fully set forth herein.

26. The youth program during which Ray was injured was not an event or other approved activity sanctioned and insured by USATF.

27. The youth program during which Ray was injured was not a sanctioned event by USATF.

28. The youth program during which Ray was injured was not an actual athletic competition or a necessary and usual ancillary activity to such an athletic competition.

29. The youth program during which Ray was injured was not a practice properly registered with USATF.

30. The youth program during which Ray was injured was not an activity approved by USATF that is common to Flippen Flyers.

31. Flippen Flyers does not qualify as an insured under the PIIC Policy.

**WHEREFORE,** Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY, prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the PIIC Policy, together with the following relief:

A. That PIIC owes no duty to indemnify Flippen Flyers under its policy of insurance issued to USATF for the matters alleged in the action filed against Flippen Flyers under Cause No. 19 L 5051, pending in the Circuit Court of Cook County, Illinois; and

B. That this Court grant such other and further relief as deems just and equitable.

Respectfully submitted,

**TRAUB LIEBERMAN STRAUS SHREWSBERRY, LLP**

/s/ *Brian C. Bassett*
Brian C. Bassett
One of the Attorneys for Plaintiff
*Philadelphia Indemnity Insurance Company*

Brian C. Bassett (6285714)
bbassett@tlsslaw.com
Philip G. Brandt (6295960)
pbrandt@tlsslaw.com
TRAUB LIEBERMANN STRAUS SHREWSBERRY, LLP
303 West Madison Street
Suite 1200
Chicago, IL 60606
(312) 332-3900
(312) 332-3908 fax